## Case No. 5,983.

### HAMILTON v. JONES et al.

[Brunner, Col. Cas. 24;[1] 2 Hayw. (N. C.) 291.]

Circuit Court, D. North Carolina. Dec., 1803.

SCIRE FACIAS AGAINST HEIR — RIGHTS OF INNOCENT VENDEE.

A scire facias issued against an heir to have execution of the lands of the deceased, but before the scire facias issued the heir sold the lands, and it was held that the purchaser from the heir might, in the name of the heir, be permitted to plead to the scire facias that the executor had assets.

This was a scire facias against the heirs and devisees of John Jones, deceased, to have execution against the lands descended or delivered to him, of a judgment obtained against the executors upon a plea of fully administered, found for the executors. After the test of the scire facias, but before the issuing of it was known to Peter Arrington, he purchased a share of the lands from one of the defendants, who being served with the scire facias would not plead thereto. Arrington alleged there were personal assets much more than sufficient to pay the debt.

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

MARSHALL, Circuit Justice. The seller impliedly gave power to the vendee to plead such pleas in his name as were necessary for the defense of the land; and should a plea be now put in by Arrington in the name of the vendor, I would not consent to strike it out.

Whereupon Arrington put in the plea of personal assets in the hands of the executor, enough to satisfy the judgment. And he put in the name of the vendor in open court.